## DEERE et al. v. ARNOLD.

### (Circuit Court, N. D. New York. June 14, 1899.)

1. PATENTS—ANTICIPATION—HARROWS.

The Barley patent, No. 256,619, for improvements in harrows, *held* not anticipated as to its fifth claim by the Wiard & Bullock patent, No. 229,-217, for improvements in plows.

2. SAME—CONCLUSIVENESS OF PROCEEDINGS IN PATENT OFFICE.

It seems that a patent regularly issued and valid on its face cannot be declared void by the courts because of a clerical error of an examiner in failing to follow the rules of practice in the patent office.

This was a suit in equity by Deere & Co. against O. M. Arnold for alleged infringement of letters patent No. 256,619, issued to James H. Barley April 19, 1882, for improvements in harrows. After a final hearing, the court, on January 3, 1899, filed an opinion sustaining the patent, and holding that it had been infringed by defendant. See 92 Fed. 186. The defendant now moves for a rehearing on the ground of newly-discovered evidence.

John R. Bennett, for complainant.

G. A. Prevost, for defendant.

COXE, District Judge. The first branch of this motion has reference to letters patent, No. 229,217, granted June 22, 1880, to Wiard & Bullock for improvements in plows. Permission is asked to introduce this patent in evidence together with certain exhibits made thereunder illustrating the manner of fastening the wheel and jointer standard to the plow beam. At the hearing the complainant consented that these exhibits, all of them antedating the Barley patent, should be regarded as before the court, and the reargument proceeded at once. The complainant has filed no papers in opposition. The matter is thus left with the court upon the moving papers alone and these contain very little to aid the court in reaching a correct understanding of the Wiard & Bullock patent and devices. However, the device in question is not a complicated one and may be readily comprehended. The original record is not before the court, but as the evidence is now recalled it is thought that the Wiard & Bullock reference does not approximate the combination of the fifth claim of the Barley patent as closely as several exhibits which were discussed at final hearing—notably the patents of Cambridge and Beauregard. If the court has correctly construed the fifth claim of the Barley pat-

ent the new evidence presents no defense. The Wiard-Bullock device does not relate to a harrow or a harrow tooth, but to a plow and mechanism for attaching certain devices to the beam. There is a double flanged beam it is true, but here the analogy ceases. The plate is not clamped to the beam between the flanges, it extends beyond the flanges; the standard is not held in position against the edges of the beam; it does not touch the beam. The bar of the standard is grooved to fit a spline on the eyebolt which holds it in position. It is perfectly clear that this construction would not infringe the claim in question if made now for the first time and it is equally clear that it is not an anticipation.

The second branch of the motion relates to an alleged mistake in the patent office; it being asserted that the fifth claim was permitted through an error in the examining division. Permission is asked to take testimony upon this issue, it being the belief of the defendant that the proof will show that the claim was issued by a clerical error and is, therefore, invalid. This motion is vigorously opposed by the complainant. The court is of the opinion that the cause should not be opened to take this proof.

First. It is exceedingly doubtful if the defendant has made a case for reopening the proof assuming that the new evidence is relevant to any legal defense. The file was, of course, before the defendant and there is no reason shown why the information was not obtained prior to the former hearing. The communication which counsel had with the examining division after the decision could as well have been had before, for aught that appears in the moving papers. It seldom occurs in these cases that the same activity exerted prior to the trial will not produce the evidence which is subsequently discovered.

Second. The court is familiar with no authority which holds that a patent regularly issued and valid on its face can be declared void because of a clerical error of an examiner in failing to follow the local rules of practice in the patent office. The patent has expired and it would seem an unfair exercise of discretion to subject the complainant to the annoyance and expense incident to opening the cause when it is more than doubtful if the testimony when taken can be of the least service to the defendant. The decision at final hearing is adhered to and the motion to take testimony as to errors in the patent office is denied.